## HARDING G. WOODWARD vs. JAMES M. MUNSON.

Franklin. Sept. 17, 1878. — Jan. 3, 1879. ENDICOTT & SOULE, JJ., absent.

A receiptor who pays the amount of the execution issued on a judgment recovered against the debtor, after the officer has set off real estate of the debtor to the creditor in full satisfaction of the execution, cannot maintain an action against the debtor for money paid; and it is immaterial that the levy of the execution on the real estate was made under an arrangement between the receiptor and the creditor, by which the receiptor was to pay the judgment and take a deed of the land from the creditor, and that the land was afterwards sold, under a prior mortgage given by the debtor, for less than the amount of the mortgage debt.

CONTRACT for money paid. Trial in the Superior Court, before *Aldrich*, J., who, by consent of parties, before verdict, reported the case, for the determination of this court, in substance as follows:

Personal property of Munson was attached on a writ in favor of J. H. Gautier and others, and on October 16, 1875, Munson and Woodward signed and gave a receipt therefor to the attaching officer, in which it was agreed, in consideration of the officer allowing the property to remain in the possession of Munson, that the signers would on demand deliver the property to the officer, or, in case of neglecting or refusing to do so, that they would jointly and severally pay, on demand, to the officer, the amount of the debt and costs which should be recovered in the suit, together with all lawful fees upon such execution as might be placed in the hands of the officer.

The action, in which the attachment was made, was duly entered in court, and judgment was rendered thereon on August 26, 1876, and execution issued on September 4, 1876, and put in the hands of the officer, who demanded the property and the debt and costs of Woodward and Munson within thirty days after the rendition of the judgment, but the property was not delivered. Woodward testified that, when the demand was made, he told the officer to take the property, which was then in Munson's possession. The officer did not see the property, nor go where it was, as he had ascertained, since the attachment and taking the receipt, that the property was subject to two mortgages from Munson to the Franklin County National Bank, each purporting

to secure the sum of $30,000, dated respectively August 16, 1875, and September 16, 1875, and recorded prior to the attachment. Each mortgage covered the property attached and all the other personal property of Munson in and about his premises in Greenfield. The mortgagees made no demand on the officer after the attachment. The attorney for the execution creditors directed the officer not to take the attached personal property from the receiptor, or levy the execution, unless it was free from both mortgages, and, for this reason, he did not accept the property or levy the execution.

By the return of the officer on the execution, it appeared that on September 25, 1876, he seized the real estate of Munson, which was also subject to a mortgage, and, by direction of the creditors' attorney, no further proceedings were had to complete the levy. On or about October 28, 1876, the officer commenced an action on the receipt against Woodward and Munson to recover the amount of the execution, but the writ was not served upon them because Woodward, under advice of counsel, promised to pay the debt. On October 31, 1876, the attorney for Woodward, with the assent of the attorney for the Gautiers, proceeded to levy the execution upon Munson's real estate, and it was appraised at $600 above a mortgage upon it, and set off to the execution creditors, as appears by the officer's return on the execution; and a deed of quitclaim from the execution creditors to Woodward of all the right, title and interest in the premises set off to them was given, that whatever might be realized therefrom by Woodward, if anything, might go in satisfaction toward the repayment of the money so paid by Woodward. The deed was dated November 7, 1876, and was delivered to Woodward on November 27, and, at the same time, Woodward paid the money to the amount of the execution and the expenses of the levy, and took up the receipt. In 1877, the real estate so set off and conveyed to Woodward was sold by the mortgagees, under a power of sale, and failed to bring enough to satisfy the debt secured thereby.

If the court should be of opinion that the action could be maintained on the foregoing facts and evidence, judgment was to be entered for the plaintiff for $582.24; otherwise, the plaintiff was to become nonsuit.

*D. Aiken & J. A. Aiken,* for the plaintiff.

*C. C. Conant,* (*S. O. Lamb* with him,) for the defendant.

COLT, J.    The plaintiff sues to recover money paid, as he contends, in discharge of his liability upon a receipt, given to an officer, for personal property attached on the writ, in an action in which a judgment was rendered against the defendant. The question submitted is whether the plaintiff can maintain this action on the facts stated in the report.

· It appears that the judgment was rendered on August 26, 1876; and that, upon the execution issued thereon, a demand was duly made on the receipt, for the property attached. This demand was not complied with by a delivery to the officer. The real estate of the defendant was also taken on the execution, by a levy which was completed on October 31, and by reason of which the execution was returned wholly satisfied. The return of the officer is conclusive upon the parties to that suit and their privies. *Pullen* v. *Haynes,* 11 Gray, 379.

A deed from the execution creditors, of all right, title and interest in the land levied on, was delivered to the plaintiff in this action on November 27, upon his paying the amount of the execution and the costs thereon. At the same time, the plaintiff's receipt for the goods attached, upon which an action had been commenced, was given up to him. By this levy, the debt secured by the attachment of the property, for which the receipt was given, was paid and satisfied, and the plaintiff's liability on the receipt discharged. The execution creditors, after the execution was returned and recorded, had no power to waive the levy and render it void, on account of any supposed error or defect in the proceedings; nor had they the right to resort to any other remedies for the satisfaction of the judgment without first causing the levy to be set aside by writ of *scire facias.* Gen. Sts. *c.* 103, §§ 20, 22.

Under these circumstances, the transactions set forth in the report amount, at most, only to an arrangement entered into without the knowledge of the defendant in this action, by which, in order to relieve himself from liability on his receipt, the plaintiff agreed to take a deed of the land levied on, and to pay therefor the amount of the judgment debt. If, by reason of the depreciation in real estate, the land is not now worth

the amount for which it was appraised when taken on execution, the defendant cannot in this way be called on to make it good. . *Plaintiff nonsuit.*